**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

ELIZABETH ELL,

                 Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C., a Delaware limited liability company,

                 Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

### PARTIES

7.      Plaintiff, Elizabeth Ell, is a natural person.

8.      The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company operating from an address at 120 Corporate Boulevard, Norfolk, Virginia, 23502.

12.     The Defendant's registered agent in the state of Colorado is National Registered Agents, Inc., 1535 Grant Street, Suite 140, Denver, Colorado, 80203.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

17.     Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Encyclopedia Brittanica (hereinafter the "Account").

18.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19.     The Account went into default with Encyclopedia Brittanica.

20.     After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21.     The Plaintiff disputes the Account.

22.     The Plaintiff requests that the Defendant cease all further communication on the Account.

23.     The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

24.     The Defendant acted at all times mentioned herein through its employee(s).

25.     In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

26.     In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

27.     The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

28.     The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29.     The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

31.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

32.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

33.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

34.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that identified themselves as debt collectors that were overheard by the Plaintiff's roommate(s).

35.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the only way to stop the calls from the Defendant on the Account was to pay the Account.

36.   The Defendant's representation stated in paragraph 35 was false and was a false representation in connection with the collection of a debt, the Account.

37.   In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account called the Plaintiff on her cellular telephone before 7 pm Mountain Standard Time after the Plaintiff told the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant that she worked in a call center during the day and that it was not convenient to call her on her cellular telephone before 7 pm Colorado time.

38.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff she could not dispute the Account.

39.   The representation stated in paragraph 38 was false and was a false representation in connection with the collection of a debt, the Account.

40.   Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

41.   Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

42.   Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

43.    Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

44.    Upon information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

45.    Upon information and belief the Defendant has a copy or copies of all of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

46.    Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

47.    The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1) and c(b).

48.    The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface.

49.    The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5) and e(10).

50.    The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

51.    The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

52.    As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

53.    The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

54.    The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

55.    The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

56.    The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

57.    The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

58.    The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

59.   The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

60.   As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

61.   The previous paragraphs are incorporated into this Count as if set forth in full.

62.   The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute violations of the  FDCPA, including but not limited to § 1692c(a)(1), c(b), § 1692d preface, § 1692e preface, e(2)(A), e(5), e(10) and § 1692f preface.

63.   Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## **JURY TRIAL DEMAND**

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## **PRAYER**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     A finding that the Defendant violated the FDCPA and/or an admission from the

        Defendant that it violated the FDCPA.

2.     Actual damages under 15 U.S.C. § 1692k(a)(1).

3.     Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.     Such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

                                         s/ David M. Larson_____
                                        David M. Larson, Esq.
                                        405 S. Cascade Avenue, Suite 305
                                        Colorado Springs, CO 80903
                                        (719) 473-0006
                                        Attorney for the Plaintiff